**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-CA-01377-SCT**

*ESSIE COLLINS*

*v.*

*TALLAHATCHIE COUNTY, A POLITICAL*
*SUBDIVISION OF THE STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/5/2003 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. ELLIS PITTMAN |
| ATTORNEY FOR APPELLEE: | WILLIAM O. LUCKETT, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 07/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Essie Collins appeals an order granting summary judgment entered by the Circuit Court of Tallahatchie County in June of 2003. Essie, who had been shot and wounded by her husband, sued Tallahatchie County in tort for failing to arrest her husband prior to the incident. The circuit court found that the County was entitled to sovereign immunity based upon the nature of the actions or failures of which Essie complains. We affirm.

**FACTS AND PROCEEDINGS BELOW[1]**

---

[1] Though the trial court made no separate statement of facts, the order did state upon which facts summary judgment was based. The facts will be stated in the light most favorable to Essie.

¶2.     On or about August 31, 2000, Essie received threatening phone calls from her estranged husband, Robert, who threatened "to kill, maim and otherwise cause grievous bodily injury" to her. She reported the incident to the Tallahatchie County Sheriff's Department ("TCSD"), and asked that Robert be arrested. TCSD instructed Essie to swear out an affidavit at the justice clerk's office so that an arrest warrant could be issued.

¶3.     The next day, Essie went to the justice court and signed a criminal affidavit against Robert for domestic violence.[2] Shortly thereafter, the judge signed the warrant,[3] but never delivered it to TCSD. Essie testified that the judge called her on Saturday, September 2, but she failed to recall much about the conversation. The judge claims that he had a phone conversation with Essie and that she told him that she didn't want to see Robert in jail, but wanted to get him into court where the judge could tell him to stop threatening her. In any case, it is undisputed that Robert was never arrested.[4]

¶4.     On Monday, September 4, 2000, Robert forced his way into Essie's home and shot her twice before turning the gun on himself and taking his own life. Thereafter, Essie filed suit against Tallahatchie County, alleging that the County was liable for negligence based upon the various actions and inactions of TCSD, the justice clerk, and the justice court judge, for their failure to effectuate Robert's arrest. The trial

---

[2]Essie testified in her deposition that, knowing that the judge was not at the office, she actually went directly from TCSD to his home. She then stated that the judge's wife informed her that he was asleep and that she needed to go to his office, which Essie subsequently did.

[3] The warrant, which calls for an arrest based on domestic violence pursuant to Miss. Code Ann. § 97-3-7(3), claims nothing other than telephone threats Robert made to Essie. However, a complaint filed in February of 2000 complains of similar conduct from Robert's family members and appears to indicate that some sort of physical confrontation took place between the two.

[4] Deputy Sheriff Jimmie Gibbs did testify that he tried to contact Robert during the weekend to investigate the matter.

court granted summary judgment to Tallahatchie County on the basis of sovereign immunity.[5]  From that judgment, Essie appeals to this Court.

## DISCUSSION

¶5.     This Court reviews summary judgments de novo. ***Grange Mut. Cas. Co. v. United States Fidelity & Guar. Co.***, 853 So.2d 1187, 1190 (Miss. 2003). We view the facts in the light most favorable to the nonmovant.  ***Id.***  If there exists a genuine issue of material fact, summary judgment is inappropriate. ***Id.***  The nonmovant must show by specific facts that there exists a genuine issue of material fact; that is, the nonmoving party may not rest on allegations or denials in the pleadings to withstand the motion. ***Id.***

### I.   Whether Tallahatchie County may be held liable for the Tallahatchie County Sheriff's Departments failure to arrest  Robert Collins.

¶6.     Although Essie concedes that no arrest warrant was issued, she claims that probable cause existed for a warrantless arrest and/or, in the alternative, that a warrantless arrest was specifically authorized by Miss. Code Ann. § 99-3-7(3).  The County rebuts this assertion by arguing that TCSD is immune from liability for its failure to arrest based on Miss. Code Ann. § 99-3-7(7)[6] and, in the alternative, that § 99-3-7(3) did not authorize a warrantless arrest.  The County also asserts that immunity extends to the actions

---

[5]Essie also tried to assert a state law due process claim based upon Miss. Const. Art. 3, § 14.  This claim was not specifically addressed in the summary judgment order.  However, Essie has apparently waived any possible error as to such since she does not raise it on appeal.

[6]  The trial court found that TCSD was provided immunity through Miss. Code Ann. § 97-3-7(7), which provides immunity for the arrest and/or failure to arrest a suspect pursuant to § 97-3-7(3) (which will be covered very shortly).  Seemingly fortunate for Essie, however, is the fact that § 97-3-7(7) was not enacted until a year after her complaint was filed, making it inapplicable to the case sub judice. *See* Miss. Code Ann. § 97-3-7.

of TCSD based upon Miss. Code Ann. § 11-46-9(1)(c), which provides immunity for actions or failures regarding police protection:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties *or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.*

Miss. Code Ann. § 11-46-9(1)(c) (emphasis added).

¶7. Essie does not argue that Miss. Code Ann. §11-46-9(1)(c) is in applicable to the conduct complained of as to this issue, but she does argue the County is not entitled to immunity under the section because "there was more than sufficient probable cause" to merit his arrest despite the absence of a warrant. Apparently, Essie's argument is that, because there was probable cause, TCSD is not entitled to immunity because it acted in reckless disregard for her safety and well-being.[7]

¶8. Essie cites no authority for the proposition that the failure to arrest despite the presence of probable cause automatically rises to a level of reckless disregard. As Tallahatchie County points out, reckless disregard is a higher standard than gross negligence and "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." ***Turner v. City of Ruleville***, 735 So.2d 226, 230 (Miss. 1999).

¶9. In her rebuttal brief, however, Essie directs the Court's attention to Miss. Code Ann. 99-3-7(3), which states: "Any law enforcement officer *shall* arrest a person with or without a warrant when he has probable cause to believe that the person has, within twenty-four (24) hours of such arrest, knowingly

---

[7] Actually, under this section of her argument, Essie makes no reference to a code section, but only generally cites the Mississippi Tort Claims Act. However, Essie does allege that the defendants acted in reckless disregard for her safety and well being in her complaint.

4

committed a misdemeanor which is an act of domestic violence." (emphasis added). Subsection (5) provides a list of crimes which constitute a "misdemeanor which is an act of domestic violence" when committed among family members. Among the list is Miss. Code Ann. § 97-35-15.

¶10. Though not cited by any of the parties, Miss. Code Ann. § 97-35-15 states.

(1) Any person who disturbs the public peace, or the peace of others, by violent, or loud, or insulting, or profane, or indecent, or offensive, or boisterous conduct or language, or by intimidation, or seeking to intimidate any other person or persons, or by conduct either calculated to provoke a breach of the peace, or by conduct which may lead to a breach of the peace, or by any other act, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not more than five hundred dollars ($500.00), or by imprisonment in the county jail not more than six (6) months, or both.

¶11. Through Essie's previous filing with TCSD and her latest complaint, there was ample probable cause to arrest through § 99-3-7(3) based upon § 97-35-15. However, as stated above, reckless disregard requires that the person knowingly or intentionally commit a wrongful act. Even viewing the facts in a light most favorable to Essie, she has shown no evidence that TCSD knew that it could and/or was required to arrest Robert. TCSD's conduct, even if negligent, can not be said to have risen to the level of reckless disregard based upon the facts in this record. Therefore, § 11-46-9(c) did provide immunity based upon TCSD's conduct, and summary judgment was proper as to TCSD.

## II. Whether Tallahatchie County may be held liable for the failure of the Justice Court Clerk or Justice Court Judge to transmit the signed warrant to the Tallahatchie County Sheriff's Department.

¶12. Citing Miss. Code Ann. §11-46-9(1)(d), the trial court noted that governmental entities are not liable for claims arising out of an employee's exercise or failure to exercise a discretionary duty. The trial court, citing Miss. Code Ann. §11-46-9(1)(a),[8] also noted that immunity is to be granted for claims arising

---

[8] Though this portion of the statute was cited, the trial court's finding of immunity only rested on subsection (d) because the acts were discretionary.

out of judicial actions and inactions as well as administrative actions or inactions which are of a judicial nature.

¶13. It should first be noted that Essie makes no mention of this last cited portion of the Tort Claims Act. Notwithstanding, Rule 3.03 of the Mississippi Uniform Justice Court Rules, notes that "arrest warrants or search warrants shall be issued only by the judge after a judicial determination that probable cause exists based upon the affidavit or other evidence before the court." Therefore, the issuance of warrants is a judicial act. Furthermore, even if one were to argue that there is a difference between the issuance of a warrant and the delivery of a warrant to a police or sheriff's department, the type of conduct complained of would be an administrative act of a judicial nature, at the very least. Thus, the alleged conduct of both the justice court clerk and judge falls squarely within § 11-46-9(1)(a). Therefore, the trial court properly found that sovereign immunity prevented prosecution of Essie's claims.

¶14. The parties also briefed the issue of whether Miss. Code Ann. §11-46-9(1)(d) is applicable. In doing so, our attention was drawn to an apparent misunderstanding in our case law. Essie claims that the trial court erred in granting summary judgment because the County employees could not have been said to have used "ordinary care" even if the acts were discretionary.[9] Tallahatchie County also believes that this standard is applicable, though it argues the standard has been met.

---

[9] Essie also asserted that the acts were ministerial and not discretionary. In describing a ministerial function, this Court has stated:

> [t]he most important criterion, is that [if] the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion, the act and discharge thereof is ministerial.

*Mississippi Dept. of Transp. v. Cargile*, 847 So.2d 258, 267-68 (Miss. 2003)(quoting *Poyner v. Gilmore*, 171 Miss. 859, 158 So. 922 (1935)). Essie fails to direct this Court's attention to any statute which imposes a duty on the clerk or judge to deliver a warrant to TCSD. Therefore, her argument is without merit.

¶15.     In *Harris v. McCray,* 867 So. 2d 188 (Miss. 2003), this Court held:

> A governmental entity and its employee enjoy immunity if there is exercise of ordinary care in the performance of a duty under a statute, ordinance or regulation.  Miss. Code Ann. § 11-46-9(1)(b) (Rev. 2002).  On the other hand, a governmental entity and its employee enjoy immunity under Miss. Code Ann. § 11-46-9(1)(d) '[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion be abused.'

*Id.* at 189.

¶16.     Here, both parties cite (directly or parenthetically) ***Brewer v. Burdette***, 768 So.2d 920, 923 (Miss. 2000), for the erroneous proposition that one must use ordinary care in performing a discretionary function to retain immunity.  Unfortunately, ***Brewer*** cited ***L.W. v. McComb Separate School District***, 754 So.2d 1136 (Miss. 1999), for the proposition that an ordinary care standard applies to discretionary function immunity.  This Court recognized in ***L.W.*** that the school's conduct was of a discretionary *nature*. ***L.W.***, 754 So.2d at 1139-43 (emphasis added).  However, this Court never found that the school officials were *performing* a discretionary *function*.  ***Id***. (emphasis added).  Indeed, this Court actually found that the school officials in ***L.W.*** were performing a function *required by statute* and, therefore, properly analyzed the school's actions under subsection (b) (which addresses acts or omissions while performing statutory duties), rather than  subsection (d) (which addresses discretionary duties).  ***Id.***  Subsection  (b) clearly carries an ordinary care standard; subsection (d) does not.  See ***id***.

¶17.     In ***Brewer***, this Court misapplied the wording in **L.W.** by incorrectly applying the ordinary care standard to discretionary duties.[10]  In ***Harris***, this Court held: "When an official is required to use his own judgment or discretion in performing a duty, that duty is discretionary." ***Harris,*** 867 So. 2d at 191.  Miss.

---

[10]

Compare ***Brewer***, 768 So.2d at 922, *with* ***L.W.***, 754 So. 2d at 1139-43.

Code Ann. § 11-46-9(1)(d) exempts governmental entities from liability of a discretionary function or duty "whether or not the discretion be abused". Therefore, ordinary care standard is not applicable to Miss. Code Ann. § 11-46-9(1)(d). Thus, the conduct in the case sub judice is immune under Miss. Code Ann. §11-46-9(1)(a), and Miss. Code Ann. § 11-46-9(1)(d) does not apply.

## CONCLUSION

¶18. For the foregoing reasons, we affirm the judgment of the trial court.

¶19. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**