**Henry DOZIER, Individually and on Behalf of the Wrongful Death Beneficiaries of Ada M. Dozier and All Who are Entitled to Recover Under the Wrongful Death and Survival Statute and Stephanie Dozier, a Minor, by and Through Her Natural Guardian and Next Friend, Henry Dozier Plaintiffs**

v.

**HINDS COUNTY, Ford Motor Company, and John Does Defendants**

**No. CIV.A. 3:04–CV–352BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 27, 2005.

Gerald P. Collier, Stamps & Stamps, Larry Stamps, Stamps & Stamps, Jackson, MS, for Henry Dozier individually, and on behalf of the wrongful death beneficiaries of Ada M. Dozier and all who are entitled to recover under the wrongful death and survival statute and Stephanie Dozier, a minor, be and through her natural, Plaintiff.

George Ellis Abdo, III, Daniel, Coker, Horton & Bell, Jackson, MS, for Hinds County, Defendant.

Bradley W. Smith, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Joseph Kyle Fulcher, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Barry Wayne Ford, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Frederick N. Salvo, III., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Mark C. Carroll, Carroll Bufkin Fulcher & Coco, PLLC, Walker W. Jones, III, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, for Ford Motor Company, Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is Plaintiffs' Motion to Reconsider the January 10, 2005, Opinion and Order of the Court, filed January 20, 2005. The Opinion and Order denied Plaintiffs' Motion to Remand. Having considered all of the briefings of the parties in this case, both before and after the Motion to Reconsider, the sister case to this action, which is entitled *Lewis v. Hinds County,* civil action no. 3:04–CV–353BN, and the supporting and opposing authority, the Court finds that the Motion is not well taken and that it should be denied.

## I. Factual and Procedural History

On September 6, 2002, Plaintiff Henry Dozier was driving northbound on Highway 467 North. Ada Dozier was a passenger in the front seat, and Stephanie Dozier and Brittany Dozier, both minors, were passengers in the back seat of the vehicle. At the intersection of Highway 467 and North Hill Chapel Road, Plaintiff Henry Dozier's vehicle collided with a vehicle driven by Sherry Johnson ("Johnson"). Johnson had been driving west on North Hill Chapel Road. When she approached the intersection of the two roads, she failed to stop at the stop sign placed on North Hill Chapel Road. As a result, she drove into the intersection and collided with Plaintiffs' vehicle. Ada Dozier, Plaintiffs' relative, died in the collision.

Johnson claims in an affidavit that she never saw the stop sign. Plaintiffs claim that two road construction signs precluded Johnson from seeing the stop sign. These road construction signs read "Road Work Next 2.2 miles," and were facing Johnson as she traveled west on North Hill Chapel Road. Although Plaintiffs argue that the road construction signs prevented Johnson from seeing the stop sign, the road construction signs to which Plaintiffs refer were (1) some distance *behind* the stop sign and (2) were on the *opposite* side of the intersection from Johnson, i.e., the stop sign was facing Johnson on Johnson's side of the intersection, while the road construction signs were facing Johnson on the *opposite* side of the intersection. Thus, it would be impossible for the road construction signs to literally block Johnson's view of the stop sign.

Implicitly recognizing that it would be impossible for the road construction signs to block Johnson's view of the stop sign, Plaintiffs advance the argument that the road construction signs effectively blocked Johnson's view of the intersection by cre-

ating the appearance that the intersection was on the far side of the road construction signs, as opposed to immediately before the road construction signs, where the intersection was actually located. By creating this appearance, the road construction signs effectively concealed the actual intersection, argue Plaintiffs, and Hinds should be liable for creating this dangerous condition, as well as for failing to warn of it.

Plaintiffs sued both Ford Motor Company ("Ford") and Hinds County, Mississippi ("Hinds County" or "Hinds"), in this action. Ford, in its Notice of Removal and its Response to Plaintiffs' Motion to Remand, argues that Hinds County was fraudulently joined in this action for two reasons. First, Defendants argue that Hinds County is not the responsible government entity for the intersection in question. Thus, Hinds County cannot be liable for the placement of stop signs around the intersection. Second, as to the road construction signs around the intersection, Defendants argue that although these signs were placed there by Hinds County, Hinds County cannot be liable because the placement (or non-placement) was a discretionary duty. Hence, Hinds County is entitled to governmental immunity.

In the previous Opinion and Order, the Court agreed with Defendant's assertions, as it does again in this Motion to Reconsider. In the present Motion, Plaintiffs point to alleged errors made by the Court in reaching its conclusion. To the extent that those arguments are directed towards the placement of the road construction signs, the Court will re-entertain the arguments. To the extent that those arguments are directed towards the placement of the stop signs, the Court will not re-entertain those arguments, as the Court previously found that Mississippi Department of Transportation ("MDOT") was responsible for the

placement of the stop signs, and not Hinds. Plaintiffs have presented absolutely no evidence to indicate that Hinds was responsible for placement of the stop signs which surround the intersection in question.

## II. Legal Standard

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Fifth Circuit has held that under a Rule 59(e) motion to reconsider, a district court should consider the following non-exclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion, (2) the importance of evidence or arguments, (3) whether the reasons set for by the movant justifying reconsideration were available to the movant before they responded to the underlying motion, and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore*, 73 Fed.Appx. 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937–38 (5th Cir.1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 n. 1. (S.D.Miss.1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

## III. Analysis

Plaintiffs, in their Motion to Reconsider, assert two basic reasons for why this Court erred in reaching its previous conclusions. First, Plaintiffs argue that Hinds had a ministerial duty to regulate, warn, or guide traffic along North Hill Chapel Road, and that Hinds breached the duty of ordinary care as it applies to this ministerial duty. Second, Plaintiffs argue

that Hinds failed to maintain the subject intersection in a safe condition, and that Hinds failed to warn of the dangerous condition it had created within the intersection.

As to Plaintiffs' first argument, Plaintiffs argue (1) that Hinds had a duty to regulate, warn, or guide traffic, (2) that this duty was ministerial in nature, and (3) that because the duty was ministerial in nature, Hinds is liable for breach of the duty of ordinary care. Plaintiffs specifically argue that pursuant to § 63–3–305, Hinds was required by statute "to place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of local traffic ordinances or to regulate, warn, or guide traffic." *Id.* Based upon this statutory duty, Plaintiffs argue that § 11–46–9(1)(b) applies, a statute which would make Hinds liable for breach of the duty of ordinary care, unlike § 11–46–9(1)(d)(the statutory provision on which the previous Opinion and Order was based, and which provides immunity for abuses of discretion).

Section 63–3–305 provides as follows:

Local authorities in their respective jurisdictions *shall* place and maintain such traffic control *devices* upon highways under their jurisdiction *as they may deem necessary* to indicate and to carry out the provisions of this chapter or provisions of local traffic ordinances or to *regulate, warn, or guide traffic.* All such traffic-control devices hereafter erected shall conform to the state manual and specifications.

(Emphasis added). Plaintiffs argue that the term "shall" makes the duty to place traffic control devices a ministerial one, as opposed to a discretionary one. Should the duty be a ministerial one, then the § 11–46–9(1)(b) applies, which reads:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(b) Arising out of any act or omission of an employee of a governmental entity *exercising ordinary care* in reliance upon, or in the execution or performance of, or in the failure to execute or perform, *a statute*, ordinance or regulation, whether or not the statute, ordinance or regulation be valid;

(Emphasis added). However, should the duty be a discretionary one, then § 11–46–9(1)(d) applies, and it provides:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(d) Based upon the exercise or performance or the failure to exercise or perform a *discretionary function* or duty on the part of a governmental entity or employee thereof, *whether or not the discretion be abused;*

(Emphasis added). "Subsection (b) clearly carries and ordinary care standard; subsection (d) does not." *Collins v. Tallahatchie County,* 876 So.2d 284, 289 (Miss. 2004).

Although Plaintiffs argue that the term "shall" in § 63–3–305 makes the placement of the road construction signs a ministerial duty, this argument ignores that the statute also says *"as they may deem necessary." Id.* (emphasis added). "As they may deem necessary" implies choice, and a discretionary duty is one that involves "an element of choice or judgment." *Jones v. Miss. Dept. of Trans.,* 744 So.2d 256, 260 (Miss.1999); *see also Harris ex rel. Harris v. McCray,* 867 So.2d 188, 191 (Miss.2003)(stating that "[w]hen an official is required to use his own judgment or discretion in performing a duty, that duty is discretionary"). In fact, in *Jones,* 744 So.2d at 262, the Supreme Court of

Mississippi explicitly stated that "[§ ] 63–3–305[ ] contain[s] language indicating that the placement of traffic control signs or devices is dependant upon the discretion of the responsible entity." While the statute does contain the word "shall," the term "as they may deem necessary" suggests, as precedent of the Supreme Court of Mississippi holds, that the placement of traffic control devices is a discretionary duty. Because the placement of traffic control devices, i.e., the road construction signs, is a discretionary duty, § 11–46–9(1)(d) applies, and Hinds cannot be liable "whether or not the discretion be abused."

Even if an abuse of discretion standard were to apply to the placement of the road construction signs, the Court would find that Hinds did not abuse its discretion. The Court is aware that such a finding would require the Court to engage in fact finding. However, the Court finds that even if an abuse of discretion standard applied, no reasonable fact-finder could conclude that Hinds is liable for the placement of the road construction signs. *See Gonzalez v. Denning,* 394 F.3d 388, 395 (5th Cir. 2004)(holding that summary judgment was appropriate when no reasonable fact-finder could have found for the non-movant). The Court reaches this conclusion after reviewing the pictures of the accident scene, attached as Exhibit "D" to the Joinder of Hinds County in Removal and Motion for Summary Judgment, filed July 20, 2004.

This leads to Plaintiffs' second argument. Plaintiffs argue that Hinds had a duty to warn of a dangerous condition of which it had notice. In this case, Plaintiffs' argue that by placing road construction signs outside of the intersection, Hinds created a danger within the intersection, and that Hinds had notice of this danger. Plaintiffs further argue that Hinds had a duty to warn motorists of this alleged danger.

Plaintiffs' argument is peculiar in that Hinds did in fact warn motorists, by placement of the road construction signs at issue, of the dangerous condition, i.e., the approaching road construction area. However, Plaintiff argues that by warning motorists of the upcoming road construction, it created another dangerous condition by creating the optical illusion that the intersection did not exist where it did. Thus, Plaintiff essentially argues that Hinds should have used warning signs to warn of the optical illusion created by the later warning signs.

As an initial matter, section 63–3–305 explicitly contains the term "warn." Thus, because the duty to warn is contained within § 63–3–305, it would seem that the duty of Hinds to warn motorists of a dangerous condition would be a discretionary duty. The duty would seem to be discretionary, because pursuant to § 63–3–305 Hinds would have to exercise such a duty "as [it] may deem necessary." As a discretionary duty, § 11–46–9(1)(d) would apply (as it applies to discretionary duties), and because § 11–46–9(1)(d) would apply, Hinds could not be liable if it abused its discretion when warning (or omitting to warn) motorists of a dangerous condition.

However, precedent of the Supreme Court of Mississippi suggests otherwise. Supreme Court cases have held that once a road is built, a governmental entity has a duty to warn motorists of a dangerous condition of which it has actual or constructive notice of the dangerous condition. *Jones,* 744 So.2d at 264. Moreover, the duty is one of ordinary care. *Id.* In short, precedent suggests that once the governmental entity has notice of a dangerous condition on a road that it is maintaining, it has a duty of ordinary care to warn motorists of the dangerous condition (despite the fact that the duty to warn is in § 63–3–305, the duties in § 63–3–305 are

discretionary, and discretionary actions are entitled to immunity pursuant to § 11–46–9(1)(d)).

This treatment by the Supreme Court of the duty to warn is different from the treatment by the Supreme Court of the duty to guide or regulate traffic. It is not clear whether this different treatment is based upon an application of § 11–46–9(1)(b), § 11–46–9(1)(d), or § 11–46–9(1)(w). *See Jones,* 744 So.2d at 263–64. Section 11–46–9(1)(w), which has not been previously introduced in this Opinion and Order, provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> > (w) Arising out of the *absence,* condition, malfunction or removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, *unless* the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its maintenance within a reasonable time *after actual or constructive notice.*

To the extent that these past holdings are based upon an application of § 11–46–9(1)(d), such holdings should be interpreted as overturned since *Collins* explicitly holds that a party cannot be liable under § 11–46–9(1)(d) for breach of the duty of ordinary care. *Id.,* 876 So.2d at 289. Thus, Hinds cannot be liable under § 11–46–9(1)(d).

However, previous opinions which have found liability for the failure to warn motorists of a dangerous condition, such as in *Jones,* could be read to rely on an application of either §§ 11–46–9(1)(b) or (w). It is simply not clear which provision, if either, is the operative provision when the Supreme Court has imposed liability. *See Jones,* 744 So.2d at 263–64; *see also Miss. Dept. of Transp. v. Cargile,* 847 So.2d 258, 267–69 (Miss.2003). In many factual scenarios it would appear that § 11–46–9(1)(w) would apply. Regardless of which provision is being applied, it is clear that parties have been held liable for breach of a duty of care as it applies to the duty to maintain a road once it has been constructed, and once a party becomes aware of a dangerous condition on the road. By a reading of the plain language of the statutory provision at issue, it would appear that § 11–46–9(1)(w) would apply on facts such as these, as what Plaintiffs complain of is the absence of an adequate warning sign. *But see Jones,* 744 So.2d at 263(citing and discussing § 11–46–9(1)(w), then cursorily holding that it did not apply even though the claim concerned the absence of a warning sign).

■ The Court need not concern itself with which provision would apply to the facts at hand. Either way, the duty would be the same, as it would be one of warning motorists of a dangerous condition of which it had knowledge. In this case, Johnson was warned of the approaching intersection. In the affidavit of Gordon Bain, he stated that "[a]pproximately one-tenth of a mile before the stop sign, a STOP AHEAD warning sign was present on North Chapel [Hill] Road on this date." *Id.,* attached as Exhibit "D" to the Joinder of Hinds County in Removal and Motion for Summary Judgment. Plaintiff did not contradict this assertion. Bain also states that it was MDOT that erected this sign, which is consistent with earlier findings of the Court that it is MDOT, and not Hinds, that is responsible for the intersection in question. It should not matter that MDOT erected the warning signs, and not Hinds. Either way, the fact remains that Johnson was warned of the approaching intersection. Reasonable fact-finders could not differ with this conclusion. For all of the reasons above, the Court finds

that the Motion to Reconsider is not well taken and is denied.

Plaintiffs further request that should this Court determine that this matter should not be remanded, the Court permit Plaintiffs to name the Mississippi Department of Transportation ("MDOT") as one of the John Doe Defendants to this action. Should the Court permit this, then the matter will have to be immediately remanded, as the Court previously found in its previous Opinion and Order that it is MDOT, and not Hinds, which is responsible for the intersection in question.

The Court will not permit this late substitution of Defendants. Were Plaintiff to name MDOT as a Defendant, it should have been done much earlier than now, preferably before the initial filing of the Motion to Remand. Without question, it is untimely to include such a request in a motion to reconsider an order denying remand, solely so that Plaintiffs can have the Court overturn its previous order and grant remand. The request to permit the naming of MDOT as a Defendant is not well taken and is denied.

Should the Court deny Plaintiffs their Motion to Reconsider, Plaintiffs' last request, which is included in Plaintiffs' Rebuttal to the Response of Ford to the Motion of Plaintiffs for Reconsideration, is to certify the questions of law involved in this Motion for appeal, pursuant to Rule 5 of the Federal Rules of Appellate Procedure. The Court finds that the request is not well taken and that it should be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider [22–1] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Name MDOT as a Defendant in this action [22–2] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify Question of Law [22–3] is not well taken and is hereby denied.