GRIFFIS, J.,
for the Court.
¶ 1. A.B., a minor, through her mother, C.D., filed suit against the Stone County School District for her injuries due to an alleged sexual assault. The circuit court found that the school district was immune from the majority of the allegations in the complaint. Where immunity did not apply, the circuit court held that A.B.’s injuries were not a foreseeable result of the school district’s failure to exercise ordinary care. Thus, summary judgment was granted in favor of the school district. A.B. now appeals claiming that the circuit court improperly held that: (1) the school district’s duties to provide a safe environment to A.B. did not require the exercise of ordinary care, and (2) the injuries to A.B. were not foreseeable. We find no error and affirm.
FACTS
¶ 2. A.B., the minor plaintiff in this case, was a fifteen-year-old student at Stone County High School during all times relevant to this matter. She had the habit of skipping some or all of her classes on an almost daily basis. She would ride the bus to school, then walk to a nearby apartment complex to spend the day with her older boyfriend or other friends. She would return to the school in the afternoon to ride the bus home. A.B.’s parents were unaware that she was missing school.
¶ 3. Raymond Collins was A.B.’s bus driver. On April 7, 2005, A.B. rode the bus to school as usual. Collins heard A.B. say that she did not want to go to school because she had not completed a project due that day. He suggested that A.B. stay on the bus and go with him to his house instead of going to school. A.B. agreed and rode the bus to the bus barn, where Collins parked in the back so no one would see A.B. move from the bus to his personal truck.
*796 If 4. On the way to his house, Collins made sexual advances toward A.B., but she pushed him away. Collins then left A.B. at his home with his seventeen-year-old nephew while Collins went to work at another job. A.B. alleges that Collins’s nephew raped her three separate times during the course of that morning and afternoon. Collins returned home that afternoon, and he instructed his nephew to drive A.B. back to the school where she later boarded Collins’s bus and rode home.
¶ 5. A.B. filed suit under the Mississippi Tort Claims Act (“MTCA”) claiming that the school district was negligent in its failure to use ordinary care by (1) allowing students to leave campus without authorization, (2) failing to adopt policies to notify parents of excessive unexcused absences, (3) failing to follow policies in place regarding the notification of parents when a child was inexplicably absent from school, (4) failing to notify A.B.’s parents of her excessive unexcused absences, (5) failing to enforce Mississippi Code Annotated section 37-9-69 (Rev.2007) which states that pupils are held “to strict account for disorderly conduct at school, on the way to and from school, and on the playgrounds, and during recess,” (6) failing to provide adequate supervision of students arriving and departing by school bus, and (7) hiring Collins who took A.B. to his home and also allowed her to board his bus early before school was dismissed.
¶ 6. The school district filed a motion for summary judgment that was granted by the circuit court. The circuit court held that, under the MTCA, Mississippi Code Annotated sections 11-46-1 to -23 (Rev. 2002), the school district was immune from all allegations contained in the complaint except for the school district’s alleged violation of the compulsory attendance law under Mississippi Code Annotated sections 37-9-69 and 37-13-91 (Rev.2007). However, even though there was no immunity for the violation of the compulsory attendance law, the circuit court found that the sexual assault of A.B. was not a foreseeable consequence of the failure of the school to report A.B.’s absences.
STANDARD OF REVIEW
¶ 7. The standard of review of a motion for summary judgment is well settled:
Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court’s grant or denial of a summary judgment and examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions,' affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.
McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted).
ANALYSIS

1. Whether the circuit court improperly held that the duty to provide a cafe school environment is a discretionary act with no requirement that the school district exercise ordinary care.

¶ 8. Because the school district is considered a political subdivision, A.B.’s claims were brought under the MTCA. See Miss. Code Ann. § ll-46-l(i) (Supp.2008). The *797 MTCA provides the following exemptions from liability:
(1) A governmental entity and its employees acting within the course and scope of them employment or duties shall not be liable for any claim:
(b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation-, whether or not the statute, ordinance or regulation be valid;
[[Image here]]
(d) Based upon the exercise or performance or the failure to exercise or perform a discretion-ary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
(e) Arising out of an injury caused by adopting or failing to adopt a statute, ordinance or regulation;.... [1]
Miss.Code Ann. § ll-46-9(l)(b),(d), and (e) (Supp.2008) (emphasis and footnote added).
¶ 9. The circuit court determined that the allegations in the complaint, except the issue of the compulsory attendance laws, involved discretionary functions for which the school district was immune from suit under section 11 — 46—9(l)(d). The circuit court held that, had such duties been ministerial under section 11^46-9(l)(b), issues of fact would exist as to whether the school used ordinary care; therefore, summary judgment would be improper. However, because the circuit court found that the allegations addressed discretionary functions, summary judgment was granted based on the school district’s immunity under section 11 — 46—9(l)(d).
¶ 10. A.B. does not dispute the circuit court’s finding that each of her claims, except the claim under the compulsory attendance law, were discretionary acts on the part of the school district. Instead, she argues that summary judgment on the basis of immunity was improper because the school district, even though it was performing acts which are discretionary in nature, was required to use ordinary care in providing a safe school environment.
¶ 11. A.B. asserts that the circuit court’s analysis misapplied the law in the area of school immunity. Specifically, she claims that the traditional ministerial-act-versus-discretionary-act analysis only applies to cases that do not involve schools. The school district responds that A.B.’s argument is a misinterpretation of precedent established by the supreme court in Collins v. Tallahatchie County, 876 So.2d 284 (Miss.2004).
¶ 12. In Collins, the supreme court addressed “an apparent misunderstanding in our case law.” Id. at 289(¶ 14). The following clarification was given as to when the ordinary care standard applies:
Here, both parties cite (directly or parenthetically) Brewer v. Burdette, 768 So.2d 920, 923 (Miss.2000), for the erroneous proposition that one must use ordinary care in performing a discretionary function to retain immunity. Unfortunately, Brewer cited L.W. v. McComb Separate School District, 754 So.2d 1136 (Miss.1999), for the proposition that an ordinary care standard ap *798 plies to discretionary[-]function immunity. This Court recognized in L.W. that the school’s conduct was of a discretionary nature. L.W., 754 So.2d at 1139-43 (emphasis added). However, this Court never found that the school officials were performing a discretionary function. Id. (emphasis added). Indeed, this Court actually found that the school officials in L.W. were performing a function required by statute and, therefore, properly analyzed the school’s actions under subsection (b) (which addresses acts or omissions while performing statutory duties), rather than subsection (d) (which addresses discretionary duties). Id. Subsection (b) clearly carries an ordinary[-]care standard; subsection (d) does not. See id.
In Brewer, this Court misapplied the wording in L.W. by incorrectly applying the ordinary[-]care standard to discretionary duties. In Harris, this Court held: “When an official is required to use his own judgment or discretion in performing a duty, that duty is discretionary.” [Harris v. McCray, 867 So.2d 188, 191(¶ 12) (Miss.2003).] Miss.Code Ann. § ll-46-9(l)(d) exempts governmental entities from liability of a discretionary function or duty “whether or not the discretion be abusedf.”] Therefore, [the] ordinary[-]care standard is not applicable to Miss.Code Ann. § 11-46-9(l)(d).
Id. at (¶¶ 16-17).
¶ 13. A.B. claims that the rule set forth in Collins applies only to “cases that do not involve the duty of school personnel to minimize the risk of personal injuries and to provide a safe school environment for students.” While there seems to be some confusion in the area of school immunity, there is no language in Collins that would indicate that the holding was limited to immunity cases not involving schools. Collins merely clarifies that section 11-46-9(l)(b) requires the use of ordinary care when performing a statutory duty, and section 11 — 46—9(l)(d) has no requirement of ordinary care when the act is a discretionary function.
¶ 14. In support of her argument, A.B. cites to this Court’s post -Collins holdings in Doe ex rel. Brown v. Pontotoc County School District, 957 So.2d 410, 422(¶31) (Miss.Ct.App.2007) and Beacham v. City of Starkville School System, 984 So.2d 1073, 1076(¶ 13) (Miss.Ct.App.2008), and claims that school districts must use ordinary care. While it is true that both Brown and Beacham applied the ordinary[-]eare standard, neither case involved discretionary functions. Neither case referenced the supreme court’s clarification in Collins; instead, both cases quote L.W., which involved a function required by statute.[2]
¶ 15. In L.W., following the assault of her son, J.A., by a fellow student, L.W. filed suit against the McComb Separate Municipal School District alleging that the school district “was negligent in failing to maintain a safe environment; in failing to properly monitor its grounds; in failing to properly supervise its students; in failing to have a route of safe departure for detention students; and for other acts of negligence.” L.W., 754 So.2d at 1137(114). The circuit court found that the actions or inactions of the school district were discretionary and consequently protected by the *799 immunity provided for in the MTCA. Id. at (¶ 6).
¶ 16. The supreme court held that the allegations did involve discretionary acts. Id. at 1141(¶ 23). However, that finding did not fully resolve the matter of immunity. Id. at (¶ 24). The supreme court found that “public schools have the responsibility to use ordinary care and take reasonable steps to minimize risks to students thereby providing a safe school environment.” Id. The supreme court applied this ordinary-care standard under section 11-46 — 9(l)(b) that requires ordinary care in the performance of a statutory duty. Id. at 1141-42(¶ 25). The statutory duty applied to public schools was Mississippi Code Annotated section 37-9-69, which states:
It shall be the duty of each superintendent, principal and teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of education, to comply with the law in distribution and use of free textbooks, and to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.
Construing the MTCA with this statutory duty, the supreme court held: “The duty to provide a safe environment is one of ordinary care.” L.W., 754 So.2d at 1142 n. 4. Further, “[t]he teachers and administrators here are then protected by sovereign immunity if and only if they used ordinary care in controlling and disciplining their students.” Id. at 1142(¶ 26).
¶ 17. However, we find this case to be distinguishable from the circumstances in L.W. The student in L.W. was threatened during class. Id. at 1137(¶ 2). He was later threatened again during after-school detention before he was eventually assaulted by a fellow student. Id. at (¶ 3). In L.W., there was a clear issue as to whether the school was a safe environment for the students.
¶ 18. While A.B. makes several claims that the school district failed to provide a safe school environment, we must recognize that A.B. was not harmed or injured at school. Nor was she harmed or injured during the numerous times that she skipped school and walked off campus. Instead, she was injured when her bus driver, Collins, took her to his home. While A.B. has a claim that the school district negligently hired and supervised Collins, the supreme court has held that: “The duty to hire and supervise employees is necessarily and logically dependent upon judgment and discretion.” T.M. v. Noblitt, 650 So.2d 1340, 1344 (Miss.1995). As such, this discretionary function does not require that the school district exercise ordinary care.
¶ 19. The circuit court concluded that:
Decisions with regard to the type and amount of supervision afforded to those boarding or disembarking the school bus, direct notification of parents of each absence of a student, means and measures for preventing a student from leaving campus, and such clearly require some element of judgment or choice on the part of the school personnel. No statute or regulation which ivould impose specific duties to be performed in a specific manner or time with, regard, to these allegations has been brought to this Court’s attention and, none has been found by the Court.
(Emphasis added). This is not a case where the school district’s failure to disci *800 pline a student at school resulted in an injury as was the issue in L.W. in which the supreme court applied section 37-9-69 regarding disorderly conduct of a student. Instead, A.B. willingly remained on the bus and was subsequently assaulted off-campus by a non-school employee. Because we find no violation of a statutory duty on the part of the school district, the ordinary-care standard in section 11—46— 9(l)(b) does not apply. Therefore, the school district is afforded discretionary immunity on all of A.B.’s claims except the school district’s clear violation of the compulsory attendance laws. Accordingly, this issue has no merit.
2. Whether the circuit court improperly held that A.B.’s injuries were not a foreseeable result of the school district’s failure to exercise ordinary care.
¶ 20. The circuit court held that, even though the school district was not immune from the compulsory-attendance-law claim, AB.’s injuries were not a foreseeable result of the school district’s failure to use ordinary care in reporting AB.’s absences. A.B. argues that it was foreseeable that allowing A.B. to roam unsupervised could result in harm to her.
 ¶ 21. A.B. has the burden of proving the elements of negligence, among which is the element of causation:
Proximate cause is a concept which is more accurately defined by reference to the distinct concepts of which it is comprised, which are: (1) cause in fact; and (2) foreseeability. Cause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred. Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others.
Davis v. Christian Bhd. Homes of Jackson, Miss., Inc., 957 So.2d 390, 404(¶32) (Miss.Ct.App.2007) (internal citations and quotations omitted).
¶ 22. The circuit court held that the actions of the bus driver, who from all accounts was a model citizen prior to this incident, were not foreseeable consequences of the actions or inactions of the school district. Further, unlike in L.W. where the student had been threatened at school before the assault occurred, A.B.’s assault did not occur at the school and was not committed by another student over whom the school district had control.
¶ 23. As the supreme court has held: “a defendant is obligated solely to safeguard against reasonable probabilities and is not charged with foreseeing all occurrences, even though such occurrences are within the range of possibility.” City of Jackson v. Estate of Stewart, 908 So.2d 703, 712(¶ 46) (Miss.2005) (quotation omitted). There is no evidence to suggest that the bus driver had ever acted in this manner before. In fact, the evidence showed him to be a model citizen. As the circuit court noted: “There is nothing further to suggest, even had the School District reported the absences as required and had the School Attendance Officer investigated those absences, that A.B. would not have still remained on the bus that morning.” Her prior absences involved her leaving campus on foot. She had no pattern of remaining on the school bus.
¶ 24. We agree with the circuit court that: “The claim that something bad may happen to an unsupervised teen who is absent from school without her parents’ knowledge is insufficient.” A.B.’s assault by her bus driver’s nephew, which occurred at the bus driver’s home, was not a reasonably foreseeable result of the school district’s failure to exercise ordinary care in reporting A.B.’s absences. Accordingly, *801 this issue is without merit, and the circuit court’s order granting summary judgment in favor of the school district is affirmed.
¶ 25. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. We note that the circuit court held that A.B.'s claims that the school district failed to adopt policies or rules related to the loading of buses and the reporting of absences were clearly precluded by section 11-46-9(1 )(e). As A.B. makes no argument addressing this finding, we must conclude that she waives any assignment of error regarding subsection (e) of section 11-46-9(1).

. "[T]he school officials in L.W. were performing a function required by statute and, therefore, [the supreme court] properly analyzed the school's actions under subsection (b) (which addresses acts or omissions while performing statutory duties), rather than subsection (d) (which addresses discretionary duties).'' Collins, 876 So.2d at 289(1116) (citing L.W., 754 So.2d at 1139-43 (¶¶ 14-29)).