WALLER, Chief Justice,
for the Court:
¶ 1. In September 2007, Henry Phillips murdered Doris Shavers in the home they shared. The heirs of Shavers sued the City of Jackson (“the City”), claiming the actions of its police officers caused Shavers’s death. The City moved for summary judgment, claiming immunity under the Mississippi Tort Claims Act (“MTCA”). The Hinds County Circuit Court denied the City’s motion, and the City now brings this interlocutory appeal.
¶ 2. The question before this Court is whether there exists a genuine issue of dispute that the City, through its police officers, acted in reckless disregard of Shavers’s safety, thereby exposing the City to liability. We hold that, as a matter of law, the City did not act with reckless disregard. Accordingly, we reverse the circuit court’s denial of summary judgment and render judgment in favor of the City.
FACTS AND PROCEDURAL HISTORY[1]
¶ 3. On September 17, 2011, City of Jackson police officers were dispatched to the home of Doris Shavers on Ludlow Avenue in Jackson, Mississippi, in response to calls that an armed man was making threats toward a minor on a bicycle. The “armed man” was Henry Phillips, who was living with Shavers at the time. When officers arrived, Phillips was in possession of a .25-caliber weapon with a silver and brown handle. Officers left the scene, but returned shortly thereafter to take the weapon from Phillips. While one officer, Officer Snow, was with Phillips retrieving the gun, another officer, Officer McDonald, talked with Shavers. There is no indication that Shavers was afraid of Phillips or that she wanted Phillips removed from her house.
¶ 4. With Phillips’s help, the officers found the .25-caliber weapon in a nearby field and confiscated it. Shavers then went to her mother’s home, also on Ludlow Avenue. When police left the scene, they *688 took with them the gun they had confiscated from Phillips. Less than ten minutes later, officers were dispatched back to Ludlow Avenue on a reported shooting. Phillips, using a different gun, had shot and killed Shavers in her home. Phillips pleaded guilty to murdering Shavers and is currently serving a life sentence in custody of the Mississippi Department of Corrections.
¶ 5. On June 23, 2008, Shalandria Shavers,[2] individually and on behalf of Doris Shavers’s wrongful-death beneficiaries and heirs, sued the City of Jackson, the Jackson Police Department, Henry Phillips, and eight unnamed individuals for the wrongful death of Doris Shavers. The City filed a motion for summary judgment, claiming immunity under the MTCA. In a one-page order, the circuit court denied the City’s motion. This Court then granted the City’s petition for interlocutory appeal.
ISSUE
¶ 6. The issue on appeal is whether the trial court erred in denying the City’s motion for summary judgment based on the City’s claim that it is immune from liability under the MTCA. To answer this question, we must determine whether there is a genuine issue of fact as to whether the City, through its police officers, acted in reckless disregard for the safety of Doris Shavers. See Miss.Code Ann. § 11 — 9—1(c) (Rev.2004).
STANDARD OF REVIEW
¶ 7. This Court conducts a de novo review of rulings on motions for summary judgment. Arcadia Farms P’ship v. Audubon Ins. Co., 77 So.3d 100,104 (Miss.2012). Summary judgment is appropriate when “the pleadings, depositions,' answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). We view evidence in the light most favorable to the nonmoving party. Arcadia Farms, 77 So.3d at 104.
DISCUSSION
¶ 8. The City of Jackson claims it is immune from liability pursuant to the MTCA. The act provides that a governmental entity is not liable for any claims:
[ajrising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.
Miss.Code Ann. § 11 — 46—9(l)(c) (Rev.2004) (emphasis added). Reckless disregard is “a higher standard than gross negligence, and it embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.” Phillips v. Miss. Dep’t of Pub. Safety, 978 So.2d 656, 661 (Miss.2008). It typically involves a conscious indifference to consequences, and almost a willingness that harm should follow. Maye v. Pearl River County, 758 So.2d 391, 394 (Miss.1999). Reckless disregard is found where there is a deliberate disregard of an unreasonable risk and a high probability of harm. City of Laurel v. Williams, 21 So.3d 1170, 1175 (Miss.2009) (quoting Maldonado v. Kelly, 768 So.2d 906, 910-11 (Miss.2000)).
¶ 9. The plaintiffs argue that the officers acted in reckless disregard by fail *689 ing to arrest Phillips prior to the murder of Shavers. They claim that if the officers had run an “NCIC”[3] background search on Phillips, they would have discovered that he was a convicted felon who was in possession of a firearm. Accordingly, had the officers run this search, the plaintiffs claim, they would have arrested Phillips on their initial encounter, thereby preventing Shavers’s death. The City argues that the plaintiffs have not placed any evidence before the court indicating that Phillips was a convicted felon nor that the officers were required to run an NCIC check on Phillips. However, even if we assume that Phillips was a convicted felon, and even assuming the officers were required to run an NCIC or other background check, the plaintiffs have not presented evidence that the officers acted in “reckless disregard” for the safety of Doris Shavers.
¶ 10. The plaintiffs, in essence, must show that the officers appreciated an unreasonable risk to Shavers’s safety, understood that there was a high probability of harm to her, and then, in failing to run a background check on Phillips, deliberately disregarded that risk in a willful or wanton manner, exhibiting a conscious indifference to the consequences and almost a willingness that harm should follow their actions. See Williams, 21 So.3d at 1179 (Waller, C.J., specially concurring). However, the officers had no reason to perceive an unreasonable risk to Shavers’s safety or a high probability of harm to her. The officers were not called to a disturbance between Phillips and Shavers, and Shavers was not the target of Phillips’s original threats. It also cannot be said that the officers exhibited a “conscious indifference to the consequences,” particularly when they confiscated the gun originally at issue. Under these facts, it cannot be said that the officers acted in reckless disregard for Shavers’s safety.
¶ 11. In similar situations, this Court and the Court of Appeals have been consistent in determining that officers do not act with “reckless disregard” when they fail to arrest an individual who later commits an act of violence against another. See City of Laurel v. Williams, 21 So.3d 1170 (Miss.2009); Collins v. Tallahatchie County, 876 So.2d 284 (Miss.2004); Johnson v. City of Quitman, 66 So.3d 1261 (Miss.Ct.App.2011).
¶ 12. In Collins, Essie Collins sued Tal-lahatchie County for failing to arrest her estranged husband before he shot and injured her. Collins, 876 So.2d at 286. Collins had reported to the Tallahatchie County Sheriffs Department (“TCSD”) that her husband had called, threatening to kill her. Id. Upon instruction from the TCSD, she filed a criminal affidavit against her husband in the justice court. Id. The warrant was signed by a judge but never delivered to TCSD, and Collins’s husband was not arrested. Id. Collins’s husband later broke into her home and shot and injured her. Id. She sued Tallahatchie County for failing to arrest her husband. Id. The trial court granted summary judgment for the county on the basis of sovereign immunity, and this Court affirmed the decision. Id.
¶ 13. Collins had alleged that the TCSD had probable cause to arrest her husband even without a warrant. Id. at 287. This Court agreed that probable cause existed but still held that the county’s actions did not amount to reckless disregard. Id. at 288. The Court noted that the plaintiff provided “no authority for the proposition *690 that the failure to arrest despite the presence of probable cause automatically rises to a level of reckless disregard.” Id. at 287. Since “reckless disregard” encompasses “knowingly or intentionally commit[ting] a wrongful act,” and since there was “no evidence that TCSD knew that it could and/or was required to arrest [Collins’s husband],” the Court held that the county’s conduct, while potentially negligent, did not rise to the level of reckless disregard. Id. at 288.
¶ 14. In Williams, Lisa Williams’s wrongful-death beneficiaries sued the City of Laurel for its police officers’ failure to arrest Kenneth Wilson, Williams’s boyfriend, before he killed Williams with a knife. Williams, 21 So.3d at 1172. On the night of the killing, officers had been dispatched to Williams’s home at around 8:80 p.m. on a domestic dispute between Williams and Wilson. Id. at 1172-73. After talking 'with police, Wilson left Williams’s residence and went to the home of Annie Walker, Williams’s mother. Id. at 1173. At around 10:00 p.m., officers were called to Walker’s residence, where Walker told police she wanted Wilson to leave, because he was “very intoxicated and angry.” Id. Officers took Wilson to the police station and let his parents come pick him up. Id. at 1173-74. At about 11:15 p.m., officers were called back to Williams’s home, where they found Wilson holding a knife, standing over a bleeding Williams, who later died of stab wounds. Id. at 1174.
1115. We reversed the trial-court judgment for the plaintiffs and held that the City was immune because the officers did not act in reckless disregard for Williams’s safety. Id. at 1176. The Court found that the officers’ actions did not amount to “willful or wanton conduct.” Id. at 1175. We held that there was “no evidence that the officers intended for harm to follow their decision not to arrest, nor is there evidence establishing a conscious indifference to the consequences of their actions.” Id. at 1176. Recognizing the high burden a plaintiff must reach to prove reckless disregard, the Court held that Williams’s heirs could not meet that burden under these facts:
To hold that the officers understood Wilson to constitute an “unreasonable risk” to Williams, and that they “deliberately disregarded that risk and the high probability of harm involved” would be inconsistent with our established precedent.
Id. (quoting Miss. Dep’t of Pub. Safety v. Durn, 861 So.2d 990, 995 (Miss.2003)).
¶ 16. It is clear that, based on our precedent, we must hold that the officers in today’s case did not act with reckless disregard. Like Williams and Collins, the only thing the officers did allegedly to contribute to Shavers’s death is fail to arrest Phillips when they had a chance to do so. As was the case in Collins, there is no indication that the Jackson police officers “knew that [they] could and/or [were] required to arrest [Phillips].” Collins, 876 So.2d at 288. There is no evidence that the officers acted in a willful or wanton manner, and no evidence suggests the officers intended for harm to follow their actions. Considering this Court’s precedent, there is no genuine issue as to whether the officers acted in reckless disregard of Doris Shavers’s safety. As a matter of law, they did not.
¶ 17. The plaintiffs assert that their expert, Dennis K. Waller,[4] will testify that the officers should have run an NCIC check on Phillips, and that failing to do so constitutes reckless disregard on the part of the officers. The plaintiffs argue that *691 the trial court credited Waller’s proposed testimony in denying the City’s motion for summary judgment. However, the trial court’s order gives no indication of the particular facts or reasoning it relied upon in ruling on the motion. The trial court’s order denying summary judgment simply states, “having reviewed the pleadings and other submissions, having heard the argument of the parties, and being otherwise advised in the premises [the court] finds the motion is not well taken and should be denied.”
¶ 18. Furthermore, the record does not contain an affidavit or any sworn statement from Waller indicating his proposed testimony. In the absence of a sworn statement from the expert, assertions in a party’s brief are insufficient to defeat summary judgment. See Magee v. Transcon. Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989) (“[T]he party opposing summary judgment may not create an issue of fact by arguments and assertions in briefs or legal memoranda.”). Finally, notwithstanding Waller’s opinion, our precedent makes it clear that the officers in this ease did not act with reckless disregard. See Collins, 876 So.2d 284; Williams, 21 So.Bd 1170.
¶ 19. The plaintiffs also contend that summary judgment is inappropriate at this stage of the litigation. The docket sheet reflects that on May 10, 2011, the trial court entered an order allowing for additional time to conduct discovery. The record does not contain this order, however, and the docket sheet is silent as to how many days of additional discovery the court granted. Along with the plaintiffs’ response to the City’s motion for summary judgment, they submitted an affidavit from their attorney, pursuant to Mississippi Rule of Civil Procedure 56(f), stating the need for additional time to conduct discovery. The plaintiffs assert that they have not been able to depose the officers involved in the case, and that the trial court denied the defendant’s motion in order to allow the plaintiffs the opportunity to conduct their desired discovery.
¶ 20. Rule 56(f) provides that summary judgment may be denied to allow “affidavits to be obtained or depositions to be taken or discovery to be had.” Rule 56(f) is in place because “the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact.” Owens v. Thomae, 759 So.2d 1117, 1120 (Miss.1999) (emphasis added) (quoting Marx v. Truck Renting & Leasing Ass’n, Inc., 520 So.2d 1333, 1343 (Miss.1987)). Although the trial court denied the defendants’ motion for summary judgment after it ordered additional time for discovery, the record does not indicate that the trial court denied summary judgment for the purpose of allowing further discovery. As discussed above, the trial court’s order gives no indication of the reasoning behind its ruling.
¶21. More importantly however, no material facts are in dispute or could be exposed through further discovery. The plaintiffs consistently have opposed the City’s contention that Phillips and Shavers were involved in a dating relationship at the time of the shooting. However, even if the plaintiffs are correct—that Phillips and Shavers were not in a dating relationship—this fact is irrelevant to the determination of reckless disregard, as the plaintiffs admit in their brief. The plaintiffs have failed to show how further discovery will allow them to defeat the City’s motion for summary judgment, which is a prerequisite to obtaining the protections of Rule 56(f):
The party resisting summary judgment must ... specifically demonstrate ‘how *692 postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant’s showing of the absence of a genuine issue of fact.’
AAA Cooper Transp. Co. v. Parks, 18 So.3d 909, 912 (Miss.Ct.App.2009) (quoting United States v. Little Al, 712 F.2d 133, 135 (5th Cir.1983)). Summary judgment may be granted, in spite of a Rule 56(f) request for time for additional discovery, when the record contains all the necessary information for a ruling on the motion. See Miss. Ins. Guar. Ass’n v. MS Cas. Ins. Co., 947 So.2d 865, 876 (Miss.2006). We find that the record in today’s case currently contains sufficient information for this Court to grant summary judgment for the City.
CONCLUSION
¶ 22. The trial court erred in denying the City’s motion for summary judgment. As a matter of law, the officers did not act in reckless disregard for the safety of Doris Shavers. Furthermore, the plaintiffs have not shown how additional discovery will create a genuine issue of disputed fact. Accordingly, we reverse the trial court and render judgment in favor of the City.
¶ 23. REVERSED AND RENDERED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.

. The history of the case is taken from the parties' pleadings and other trial court filings.

. Although Shalandria Shavers is a plaintiff in this case, the case concerns the death of Doris Shavers. As such, we will use the name "Shavers” to refer to Doris Shavers.

. The FBI National Crime Information Center runs an electronic database of criminal records available to criminal justice agencies nationwide. See http://fbi.gov/about-us/cjis/ncic (last visited July 24, 2012).

. Dennis K. Waller is not related to Chief Justice Waller.