WALLER, Chief Justice,
Specially Concurring.
¶ 26. I concur in the majority decision in full. However, I write separately to discuss further the standards of review and standards of conduct discussed by the majority and dissenting opinions and to explain the bearing those standards have on our ultimate decision to reverse the trial court’s conclusion.
¶ 27. The majority opinion correctly states that the application of the Mississippi Tort Claims Act (“MTCA”) and the immunity it confers upon political subdivisions of this state is a question of law *1177 subject to de novo review by this Court. See Maj. Op. at ¶ 15. However, in this case, no dispute exists as to the applicability of the MTCA. The City of Laurel is a political subdivision of the State, the officers are employees thereof, and their challenged actions were performed in the course of their employment. Thus, the question before us is not whether the MTCA applies to immunize the City of Laurel from liability for the officers’ actions, but whether the “reckless disregard” exception to that immunity can be invoked based on the officers’ actions.
¶ 28. Concurrently, our review of the circuit court judge’s findings regarding the application of the “reckless disregard” exception is limited. The findings of a circuit court judge, sitting without a jury, “are safe on appeal where they are supported by substantial, credible, and reasonable evidence!,]” and “[t]his Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” City of Jackson v. Perry, 764 So.2d 373, 376 (Miss.2000) (citing Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss.1985)).
¶ 29. Here, the City of Laurel is immune from suit for the officers’ failure to arrest Wilson and/or Williams unless the plaintiffs can prove that the officers acted in “reckless disregard” of Williams’s safety and well-being. The question of whether Officers Keller and Valentine acted in “reckless disregard” for Williams’s safety and well-being can be characterized as a question regarding the application of the law to the facts. In other words, the trial judge was required to apply the law (ie., our definition of “reckless disregard”) to his findings of fact to determine if Officer Keller’s and Officer Valentine’s actions rose to that level.
¶ 30. The circuit court judge made several findings of fact. First, the judge found that the officers had probable cause to arrest Wilson and/or Williams at the time of the first incident and to arrest Wilson at the time of the second incident. These findings clearly are supported by substantial and credible evidence which is contained in the record on appeal before us. Williams, Wilson, and other witnesses at the scene of the first incident related to officers their accounts of the physical struggles between Williams and Wilson. Thus, the circuit court judge’s findings that the officers had probable cause to arrest Williams, Wilson, or both of them are not manifestly wrong or clearly erroneous.
¶ 31. The circuit court judge’s final finding, however, is not supported by the evidence. The judge found that, by failing to arrest Wilson, the officers “displayed a conscious indifference to the consequences of their failure to make the arrest.” Hence, when the judge applied our definition of “reckless disregard” to these facts, he arrived at a conclusion of law that the officers had acted in reckless disregard for Williams’s safety and well-being when they failed to arrest Wilson.
¶ 32. We have held today that this conclusion was in error. As the majority correctly states, “[n]othing in the record establishes that the officers’ actions amounted to willful or wanton conduct [because] [t]here is no evidence that the officers intended for harm to follow their decision not to arrest, nor is there evidence establishing a conscious indifference to the consequences of their actions.” See Maj. Op. at ¶ 21. In other words, the circuit judge’s final finding of fact—that the officers “displayed a conscious indifference to the consequences of their failure to make the arrest”—was manifestly wrong and/or *1178 clearly erroneous.[4] As such, the circuit court’s conclusion of law that the officers acted in reckless disregard of Williams’s safety was also in error.
¶ 33. This holding, however, should not be read as a tacit approval of Officer Keller’s and Officer Valentine’s handling of the situation. Presiding Justice Graves’s dissent accurately points to Mississippi Code Section 99-3-7, providing law enforcement officers with a statutory duty to arrest a person who the officer has probable cause to believe has committed an act of domestic violence. Miss.Code Ann. § 99 — 3—7(3)(a) (Rev.2007).[5] And in cases where the officers have probable cause to believe that multiple parties have committed such acts of violence, the officers are required to determine which party is the “principal aggressor” and to arrest that person. Miss.Code Ann. § 99 — 3—7(3)(b)— (d) (Rev.2007).
¶ 34. Nonetheless, “reckless disregard” is more than negligence but less than an intentional act. Miss. Dep’t of Pub. Safety v. Dum, 861 So.2d 990 (Miss.2003). Thus, a simple failure to make an arrest does not necessarily constitute “reckless disregard.” We held as much in Collins v. Tallahatchie County, 876 So.2d 284 (Miss.2004). In that case, we noted that there was ample probable cause to make an arrest under Section 99-3-7(3), but we recognized that failure to arrest when there is probable cause to do so, even if the failure is negligent, does not inherently establish “reckless disregard.” Id. at 288; see also Phillips v. Miss. Dep’t of Pub. Safety, 978 So.2d 656, 661 (Miss. 2008) (holding that “reckless disregard” is a higher standard even than gross negligence).
¶ 35. Here, the officers’ actions arguably “rise to the level of negligence, but certainly [their] actions or inac-tions fall ... short of conduct which could be described as reckless disregard.” City of Greenville v. Jones, 925 So.2d 106, 119 (Miss.2006). A review of the audio/video recording of the incidents reveals that Officers Keller and Valentine were confronted with a difficult situation. They had probable cause to believe that both Wilson and Williams had committed acts of domestic violence. The officers thus were required to make an arrest under Section 99-3-7(3). However, their failure to do so, even if negligent or grossly negligent, does not in and of itself meet the “reckless disregard” standard.
¶ 36. For the plaintiffs, “reckless disregard” requires a higher burden of proof. Pursuant to Mississippi Code Sec *1179 tion 11 — 46—9(l)(c) and our precedent construing the term “reckless disregard,” the plaintiffs were required to show by a preponderance of the evidence that Officers Keller and Valentine appreciated an unreasonable risk to Williams’s safety and an attendant high probability of harm to her, but that, by failing to arrest Wilson, the officers deliberately disregarded that risk in a willful and wanton manner, evincing a conscious indifference to the consequences amounting almost to a willingness that the harm should follow. Miss.Code Ann. § 11 — 46—9(l)(c) (Rev. 2002). Phillips, 978 So.2d at 661; Dum, 861 So.2d at 995.
¶ 37. The plaintiffs simply have not met this burden. Therefore, the trial court’s conclusion that the officers acted in reckless disregard for Williams’s safety and well-being was clearly in error, and the immunity provided by the MTCA protects the City of Laurel from suit.
CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ„ JOIN THIS OPINION.

. The circuit court applied the correct legal standard, however, citing Dum for the "reckless disregard” definition.

. As the majority notes, however, law enforcement officers are not liable for failing to make an arrest under Section 99-3-7(3) if the failure to do so was in "good faith.” Miss.Code Ann. § 99-3-7(7) (Rev.2007). Black's Law Dictionary defines "good faith,” in pertinent part, as "honesty in belief or purpose,” or "faithfulness to one's duty or obligation." Black’s Law Dictionary 555 (abr. 7th ed.2000). It is unlikely that Officer Keller’s and Officer Valentine's actions meet this standard. During the first incident, the officers correctly informed both Wilson and Williams that they had the authority to take both of them to jail. In other words, the officers had probable cause to believe that Williams and Wilson both had committed domestic violence. The officers thus had a duty to arrest one or both of them pursuant to Section 99-3-7. Accordingly, at the time of the first incident, both officers held an "honest belief” that they could arrest Wilson, but they were not "faithful to their duty or obligation” to do so. Thus, the officers' failure to arrest Wilson and/or Williams at the scene of the first incident was not a "failure, in good faith,” as Section 99-3-7(7) requires, so the "good faith” exception would not apply to protect them individually from liability.