WALLER, Chief Justice, for the Court:
¶ 1. Alexander Gardner sued the City of Jackson, alleging that he had suffered a broken leg when one of the City’s police officers forced him to sit down while in handcuffs. The City filed for summary judgment, which was denied by the trial court. On review of the City’s interlocutory appeal, we now reverse the trial court’s denial of summary judgment and render judgment in favor of the City.
FACTS
¶ 2. On November 21, 2009, Alexander Gardner and his brother drove to Mississippi Veterans Memorial Stadium for the annual football game between Jackson State University and Alcorn State University. Gardner got into an argument over parking fees with a parking lot attendant outside the stadium. Jackson Police Department Officer Terrance Tiller, who was directing traffic nearby, intervened and warned Gardner multiple times to either pay the fee or move along. When Gardner became loud and belligerent, Officer Tiller arrested him for disorderly conduct. Gardner initially refused to exit his vehicle and resisted being handcuffed. Some time after being placed in handcuffs, Gardner allegedly suffered a broken leg. Gardner was later found guilty of resisting arrest, disorderly conduct for failing to obey a police officer, and disorderly conduct for excessive noise.
¶ 3. Nearly one year after the arrest, Gardner sued the City of Jackson. Gardner initially asserted that Officer Tiller’s “negligence” had proximately caused his broken leg but amended his complaint to include that Officer Tiller had acted with reckless disregard. The City filed a motion for summary judgment, arguing that it was immune from suit under Mississippi Code Section 11 — 46—9(l)(c). Following a hearing, the trial court denied the City’s motion for summary judgment. This Court granted the City’s Petition for Interlocutory Appeal.
STANDARD OF REVIEW
¶ 4. “[I]mmunity is a question of law and is a proper matter for summary judgment[.]” Mitchell v. City of Greenville, 846 So.2d 1028, 1029 (Miss.2003). Summary judgment is proper if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c). A denial of summary judgment is reviewed de novo. Flye v. Spotts, 94 So.3d 240, 244 (Miss.2012) (citing Mozingo v. Scharf, 828 So.2d 1246, 1249-50 (Miss.2002)). All evidence is viewed in the light most favorable to the nonmovant. E.g., Mitchell, 846 So.2d at 1030 (citing Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990)).
DISCUSSION
¶ 5. The City is immune from claims rising out of acts by its employees engaged in the performance of duties relating to police protection unless the employee acted in reckless disregard of the safety and *929 well-being of any person not engaged in criminal activity at the time of injury. Miss.Code Ann. § ll^á6-9(l)(c) (Rev.2002) (emphasis added). Finding the issue of reckless disregard to be dispositive, we reverse the trial court’s denial of summary judgment and render judgment in favor of the City.
Officer Tiller’s actions did not rise to the level of reckless disregard.
¶ 6. “Reckless disregard” exceeds gross negligence and embraces willful and wanton conduct. Miss. Dep’t of Pub. Safety v. Durn, 861 So.2d 990, 994-95 (Miss.2003) (quoting City of Jackson v. Lipsey, 834 So.2d 687, 691-92 (Miss.2003)). The terms “reckless,” “willful,” and “wanton” refer to conduct that “is so far from a proper state of mind that it is treated in many respects as if harm was intended.” Maldonado v. Kelly, 768 So.2d 906, 910 (Miss.2000) (emphasis removed) (quoting Maye v. Pearl River County, 758 So.2d 391, 394 (Miss.1999)). “The usual meaning assigned to ... [these] terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.” Maldonado, 768 So.2d at 910 (emphasis removed) (quoting Maye, 758 So.2d at 394). Such conduct “usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.” Maldonado, 768 So.2d at 910 (quoting Maye, 758 So.2d at 394).
¶ 7. In determining whether someone’s conduct constituted reckless disregard, this Court considers the totality of the circumstances. Davis v. City of Clarksdale, 18 So.3d 246, 249 (Miss.2009) (citing Phillips v. Miss. Dep’t of Pub. Safety, 978 So.2d 656, 661 (Miss.2008)). “The nature of the officers’ actions is judged on an objective standard with all the factors that they were confronted with, ... taking into account the fact that the officers must make split-second decisions.” City of Jackson v. Powell, 917 So.2d 59, 72 (Miss.2005) (citing Graham v. Connor, 490 U.S. 386, 396-397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citations omitted).
¶ 8. Since this case is at the summary-judgment stage, the Court must consider the evidence in the light most favorable to Gardner. E.g., Mitchell, 846 So.2d at 1030 (citing Palmer, 564 So.2d at 1354). According to Gardner, Officer Tiller told Gardner to “[g]et down” after Gardner’s brother exited the vehicle. Gardner responded that he could not get down because he was handcuffed. Gardner said that his left foot got caught between his vehicle and the curb as Officer Tiller forced him down, causing his broken leg.
¶ 9. Even considering the evidence in the light most favorable to Gardner, Officer Tiller’s actions did not rise to the level of reckless disregard. Officer Tiller forced Gardner to sit so he could deal with Gardner’s brother, who had exited the vehicle and was “very irate.” Officer Tiller also was concerned with the growing crowd of spectators approaching the scene, as well as the traffic jam caused by Gardner’s vehicle. Officer Tiller’s conduct was a reasonable precautionary measure in response to the surrounding circumstances.
¶ 10. When Gardner deliberately disobeyed Officer Tiller’s directive, Officer Tiller was forced to act for his safety and the safety of Gardner. Nothing in the record remotely suggests that Officer Tiller acted with reckless disregard for Gardner’s safety and well-being.
CONCLUSION
¶ 11. We find that Officer Tiller’s conduct did not rise to the level of reckless *930 disregard for Gardner’s safety and well-being. Accordingly, we reverse the trial court’s denial of summary judgment and render judgment in favor of the City.
¶ 12. REVERSED AND RENDERED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ„ CONCUR.