# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00857-COA

| | |
|---|---|
| TASHA DAVIS, INDIVIDUALLY, AND TASHA DAVIS FOR AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF CALLIE ALLYN DAVIS, DECEASED | APPELLANT |

v.

| | |
|---|---|
| JONES COUNTY SCHOOL DISTRICT | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/2014 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EUGENE COURSEY TULLOS |
| | S. WAYNE EASTERLING |
| ATTORNEYS FOR APPELLEE: | JOHN ALFRED WAITS |
| | PETER JAMES MCKELROY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED - 12/01/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. Tasha Davis filed a lawsuit on behalf of herself and the wrongful-death heirs of Callie Allyn Davis in the Jones County Circuit Court against the Jones County School District ("JCSD") for Callie's injuries and death following her fall in the parking lot of South Jones High School ("SJHS") on February 23, 2012. The circuit court granted summary judgment in favor of JCSD and dismissed the case. Aggrieved, Davis appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.   On February 23, 2012, Callie, a student at SJHS, was in the Performing Arts Center ("PAC") parking lot on campus waiting for drama class to begin after school had been dismissed for the day.  As the other drama students were arriving, Callie, along with two other students, rode on the trunk of a car that was being driven by a third student to a nearby parking lot also located on campus.  Callie and one other student chose to remain on the trunk of the car for the trip back to the PAC parking lot.  On the return trip, Callie fell and struck her head on the parking-lot pavement, which resulted in her ultimate death.

¶3.   Tasha Davis filed this lawsuit on behalf of herself and Callie's wrongful-death heirs. In the complaint, Tasha alleges that JCSD was careless, reckless, and negligent in the following manners:

(a)   They failed to keep a reasonable and adequate number of principals, teachers, and other employees situated in the area where the . . . incident occurred.

(b)   They failed to stop or otherwise prevent students from riding on vehicles on the premises.

(c)   They permitted [Callie] to be in an area which [they] knew or should have known was unsafe, hazardous, and dangerous.

(d)   By other acts and omissions.

¶4.   JCSD filed a motion for summary judgment pursuant to the Mississippi Tort Claims Act ("MTCA").  In its motion, JCSD asserted that the MTCA afforded JCSD immunity from suit since the issue at hand involved a discretionary function on the part of JCSD. The circuit court agreed and granted JCSD's motion for summary judgment.  We affirm the circuit

court's findings.

## STANDARD OF REVIEW

¶5.     "Immunity is a question of law and is a proper matter for summary judgment." *City of Jackson v. Gardner*, 108 So. 3d 927, 928 (¶4) (Miss. 2013) (citation omitted).  Summary judgment should be granted when there is no genuine issue of material fact and the moving party is found to be entitled to a judgment as a matter of law.  *Id*. (citing M.R.C.P. 56(c)). This Court reviews the circuit court's grant or denial of summary judgment de novo. *Chapman v. City of Quitman*, 954 So. 2d 468, 473 (¶8) (Miss. Ct. App. 2007) (citation omitted).   On appeal, evidentiary matters are viewed in the light most favorable to the nonmoving party.  *Busby v. Mazzeo*, 929 So. 2d 369, 372 (¶8) (Miss. Ct. App. 2006) (citing *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1354 (Miss. 1990)).  We will only reverse the circuit court's ruling if we find that there are triable issues of fact.  *Id*. (citing *Brown v. Credit Ctr. Inc.*, 444 So. 2d 358, 362 (Miss. 1983)).

## DISCUSSION

¶6.     JCSD filed its motion for summary judgment pursuant to the MTCA.  The exemptions provided by the MTCA are codified in Mississippi Code Annotated section 11-46-9 (Rev. 2012), and when applicable, "constitute an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage of litigation." *Chapman*, 954 So. 2d at 473 (¶7) (quoting *Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (¶8) (Miss. 2003)).  The circuit court found that JCSD was immune under section 11-46-9(1)(d), which reads:

3

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

In making its ruling, the circuit court found that JCSD's duty of overseeing the parking lot after normal school hours was discretionary as opposed to ministerial. It is on this issue that the parties disagree.

¶7.     It is well-established under Mississippi law that "[a] duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee." *J.S. v. Lamar Cnty. School Dist.*, 94 So. 3d 1247, 1251 (¶12) (Miss. Ct. App. 2012) (citation omitted). In determining whether discretionary-function immunity applies, the Mississippi Supreme Court recently abandoned the public-policy-function test it previously utilized, and made clear the new standard that is to be used. *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 138 (¶10) (Miss. 2013). The supreme court found "that it is the function being fulfilled, rather than the act performed in furtherance of that function, to which discretionary-function immunity does or does not attach." *Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1112 (¶20) (Miss. 2014) (citation omitted). The court further clarified:

> While immunity attaches to functions or duties, it is conspicuously obvious that governmental entities and their employees engage in their respective functions and duties only through their acts. Accordingly, all acts performed in furtherance of a discretionary function or duty are themselves entitled to immunity. Our holding in *Little* stands for the principle that all acts in furtherance of a ministerial function lack immunity notwithstanding that the act itself may involve an element of discretion. That said, while one statute may render a broad function ministerial, another statute or regulation may

4

render a duty involved with that function discretionary, thus allowing the performance of such a duty to enjoy immunity. And clearly, the converse must be true, such that narrower duties encompassed in a broad discretionary function may be rendered ministerial through statute or regulation. Accordingly, although *Little* requires us to look at the broad governmental function to determine whether it is discretionary, it still is necessary to examine any narrower duty that may have formed the basis of the claim against the governmental entity to determine whether that particular duty has been rendered discretionary or ministerial by statute or regulation.

*Id*. at 1113 (¶22). In this case, while JCSD argues that the duties imposed in overseeing the parking lots after normal school hours are discretionary, Davis argues that under Mississippi Code Annotated section 37-9-69 (Rev. 2013), JCSD's actions were ministerial. That statute provides:

> It shall be the duty of each superintendent, principal and teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of education, to comply with the law in distribution and use of free textbooks, and to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.

Miss. Code Ann. § 37-9-69.

¶8. The supreme court has applied section 37-9-69 "in a limited context, mainly in cases concerning the disorderly conduct of students, or intentional acts on the part of individuals[.]" *Covington Cnty. Sch. Dist. v. Magee*, 29 So. 3d 1, 5 (¶10) (Miss. 2010). This Court has previously held that a school district's oversight of a school parking lot as students were leaving school is discretionary, not ministerial. *J.S.*, 94 So. 3d at 1251 (¶11). In addition, we recently rejected the argument that section 37-9-69 should be applied to a school district that allegedly failed to monitor its parking lot while students left after-school

5

activities. *See Q.A. ex rel. D.W. v. Pearl Pub. Sch. Dist.*, 87 So. 3d 1073, 1078-79 (¶¶14-16) (Miss. Ct. App. 2011). We agree with the circuit court that a ministerial duty was not imposed on JCSD in this case. As such, JCSD was immune from Davis's claims pursuant to section 11-46-9(1)(d). Accordingly, we find that the circuit court properly granted summary judgment in favor of JCSD.

¶9. **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, FAIR AND WILSON, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY JAMES, J. LEE, C.J., AND MAXWELL, J., NOT PARTICIPATING.**

**CARLTON, J., DISSENTING:**

¶10. I respectfully dissent from the majority's opinion. The record reflects that Callie was on SJHS's property to attend drama practice at the PAC. I respectfully submit that the circuit court erred in granting summary judgment in favor of the school district because a question of material fact exists as to whether JCSD fulfilled its duty of ordinary care to keep Callie and the other students safe. *See Pearl Pub. Sch. Dist. v. Groner*, 784 So. 2d 911, 915 (¶¶14-17) (Miss. 2001) (stating that ordinary care and reasonable steps must be taken to minimize risk to students). *See also* Miss. Code Ann. § 37-9-69 (Rev. 2013) (discussing the general responsibilities of Mississippi public schools).

¶11. In *Lang v. Bay St. Louis/Waveland School District*, 764 So. 2d 1234, 1240-41 (¶¶26-29) (Miss. 1999), the Mississippi Supreme Court recognized that a school district's statutory duty to control and discipline students constituted a ministerial duty. The supreme court

6

further recognized that the school possessed a duty to supervise students and to maintain a safe environment at school-sponsored events on school premises. *Id.* In *Lang*, a student was injured on school premises after a school-sponsored band concert when he fell off a brick wall while waiting for his ride home. *Id.* at 1235 (¶¶1-3). The supreme court determined that whether the school provided the necessary supervision at the school-sponsored event constituted a ministerial duty. *Id.* at 1240-41 (¶¶26-29).

¶12. In the present case, SJHS owed Callie the duty to provide the supervision necessary for a safe environment at this school-sponsored drama practice held on school premises. As a result, the circuit court's grant of summary judgment should be reversed, and this case should be remanded to determine whether the school fulfilled its duty to Callie. Therefore, I respectfully dissent from the majority's opinion.

**JAMES, J., JOINS THIS OPINION.**

7