*654 ISHEE, J.,
for the Court:
¶ 1. Tasha Davis filed a'lawsuit on behalf of herself and the wrongful-death heirs of Callie Allyn Davis in the Jones County-Circuit Court against' the Jones County School District (“JCSD”) for- Callie’s injuries and death following her fall in the parking lot of South Jones High School (“SJHS”) on February 23, 2012. The circuit court granted summary judgment in favor of JCSD and dismissed thé case. Aggrieved, Davis appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶2. On February 23, 2012, Callie, a student at SJHS, was in the Performing Arts Center (“PAC”) parking lot on campus waiting for drama ‘ class to begin after school had been dismissed for the day. As the other drama students were arriving, Callie, along with two other students, rode ón the trunk’of a car that was being driven by a third student to a nearby parking lot also located on campus. Callie and one other student chose to remain.on the trank of the car for the trip back to the PAC parking lot. On the return trip, Callie fell and struck her head on the parking-lot pavement, which resulted in her ultimate death. ’ ‘
¶8. Tasha Davis filed this lawsuit, on behalf of herself and Callie’s wrongful-death heirs. In the. complaint, Tasha alleges that JCSD was careless, reckless, and negligent in the following manners:
(a) They failed to keep a reasonable and adequate number of principals, teachers, and other employees, situated in the area where the ... incident occurred.
(b) They failed to stop or otherwise prevent students from riding on vehicles on the premises.
(c) They permitted [Callie] to be in an area which [they] knew or should have known was unsafe, hazardous, and dangerous.
(d)By other acts and omissions.
¶4. JCSD filed a motion for summary judgment pursuant to the Mississippi Tort Claims Act (“MTCA”). In its motion, JCSD asserted that the MTCA afforded JCSD immunity from suit since the issue at hand involved a discretionary function on the part of JCSD. The circuit court agreed and granted JCSD’s motion for summary judgment. We affirm the circuit court’s findings.
STANDARD OF REVIEW
¶ 5. “Immunity is a question of law and is a proper matter for summary judgment.” City of Jackson v. Gardner, 108 So.3d 927, 928 (¶ 4) (Miss.2013) (citation omitted). Summary judgment should be granted when there, is no genuine issue of material fact and- the moving -party is found to be entitled to a judgment as a matter of law. Id. (citing M.R.C.P. 56(c)). This Court reviews the circuit court’s grant or denial of summary judgment de novo. Chapman v. City of Quitman, 954 So.2d 468, 473” (¶ 8) (Miss.Ct.App.2007) (citation omitted). On appeal, evidentiary matters are viewed in the light most favorable to the nonmoving party. Busby v. Mazzeo, 929 So.2d 369, 372 (¶ 8) (Miss.Ct. App.2006) (citing Palmer v. Biloxi Reg’l Med. Ctr., 564 So.2d 1346, 1354 (Miss. 1990)). We will only reverse the circuit court’s ruling if we find that there are triable issues of fact. Id. (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss. 1983)).
DISCUSSION
¶ 6. JCSD filed it's motion for summary judgment pursuant to the MTCA. The exemptions provided by the MTCA are codified in Mississippi Code Annotated *655 section 11-46-9 (Rev.2012), and when applicable, “constitute an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage of litigation.” Chapman, 964 So.2d at 473 (¶ 7) (quoting Mitchell v. City of Greenville, 846 So.2d 1028, 1029 (¶ 8) (Miss.2003)). The circuit court found that JCSD was immune undér section 11-46-9(1)(d), which reads:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]
In making its ruling, the circuit court found that JCSD’s duty of overseeing the parking lot after’normal School hours was discretionary as opposed to ministerial.. It is on this issue that the parties disagree.
¶7. It is well-established under Mississippi law that “[a] duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity 'or its employee.” J.S. v. Lamar Cnty. School Dist., 94 So.3d 1247, 1251 (¶ 12) (Miss.Ct.App.2012) (citation omitted). In determining' whether discretionary-function immunity • applies, the Mississippi " Supreme Court recently abandoned the publie-policy-function test it previously utilized, and made clear the new standard that is to be used. Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (¶ 10) (Miss.2013). The supreme court found “that it is the function being fulfilled, rather than the act performed in furtherance of that function, to which discretionary-function immunity does or does not attach.” Brantley v. City of Horn Lake, 152 So.3d 1106, 1112 (¶ 20) (Miss.2014) (citation omitted). The court further clarified:
While immunity attaches to functions or duties, it is conspicuously obvious that governmental entities and their employees engage in their respective functions and duties only through their acts. Accordingly, all acts performed in furtherance of a discretionary function or duty are themselves entitled to immunity. Our holding in-.Little stands for the principle that all acts in furtherance of a ministerial function, lack immunity notwithstanding that the act itself , may involve an element of discretion. That said, while one statute may render a broad function ministerial, another statute or regulation may render a duty involved with that. function discretionary,. thus allowing the performance of such a duty to enjoy immunity. And clearly, the converse must be true, such that narrower duties encompassed in a Abroad discretionary function may be rendered ministerial through statute or regulation. Accordingly, although Little requires us to, look at the broad governmental function to determine whether it is discretionary, it still is necessary to examine, any narrower duty that may have formed the basis of the claim against the governmental entity to determine whether that particular duty has been rendered discretionary or ministerial by statute or regulation..
Id. at, 1113 (¶ 22). In this case, while JCSD argues that the duties imposed-in overseeing the parking lots after normal school hours are discretionary, Davis argues that under Mississippi, Code Annotated section 37-9-69 (Rev.2013), JCSD’s actions were ministerial. That statute provides:
It shall be the duty of each superintendent, principal and- teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of edu *656 cation, to comply with the law in distribution and use- of free textbooks, and to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.
Miss.Code Ann. § 37-9-69.
¶ 8. The supreme court has applied section 37-9-69 “in a limited context, mainly in cases concerning the disorderly conduct of students, or intentional acts on the part of individuals!)]” Covington Cnty. Sch. Dist. v. Magee, 29 So.3d 1, 5 (¶ 10) (Miss. 2010). This Court has previously held that a school district’s oversight of a school parking lot as students were léaving school is 'discretionary, not ministerial. J.S., 94 So.3d at 1251 (¶ 11). In addition, we recently rejected the argument that section 37-9-69 should be applied to a school district that allegedly failed to monitor its parking lot while students left after-school activities. See Q.A. ex rel. D.W. v. Pearl Pub. Sch. Dist., 87 So.3d 1073, 1078-79 (¶¶ 14-16) (Miss.Ct.App.2011). We agree with the circuit court that a ministerial duty was not imposed on JCSD in this casé. As such, JCSD was immune from Davis’s claims pursuant to section 11-46-9(l)(d), Accordingly, we find that the circuit court properly granted summary judgment in favor of JCSD.
¶ 9. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, FAIR AND WILSON, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN ' OPINION, JOINED BY JAMES, J. LEE, C.J., AND MAXWELL, J., NOT PARTICIPATING.